[In Bank—October 5, 1894.]

## EX PARTE WILLIAM FREDERICKS ON HABEAS CORPUS.

CRIMINAL LAW—HOMICIDE—CONVICTION OF MURDER—SENTENCE OF DEATH —APPEAL—IMPRISONMENT IN STATE PRISON—HABEAS CORPUS.—A defendant convicted of murder in the first degree, and sentenced to be hanged in the state prison, is lawfully confined in the state prison pending an appeal from the judgment of conviction, and from an order denying his motion for a new trial, and is not entitled to be released therefrom upon habeas corpus.

ID.—STAY OF EXECUTION—CHANGE OF LAW—IMPRISONMENT PENDING EXECUTION.—An appeal to the supreme court from a judgment of conviction only stays the execution of the death penalty pending the appeal in capital cases, and the execution of the judgment has not acquired

any different meaning or effect by reason of the change of the law by which in capital cases the prisoner is confined in the state prison pending the execution of the sentence of death.

ID.—CERTIFICATE OF PROBABLE CAUSE—STAY OF IMPRISONMENT.—An imprisonment, if part of the penalty, is not stayed without a certificate of probable cause for the appeal.

APPLICATION in the Supreme Court for writ of *habeas corpus* against W. E. Hale, warden of state prison.

The facts are stated in the opinion of the court.

*G. E. Coldwell*, for Petitioner.

*Attorney General W. H. H Hart, contra.*

BEATTY, C. J.—This is a petition for a writ of *habeas corpus*. The petitioner, having been convicted of murder in the first degree, was, on the 7th of May, 1894, sentenced to be hanged at the San Quentin prison, and on the same day a warrant was delivered to the sheriff, in obedience to which he immediately delivered the petitioner to the warden of said prison, by whom he is still detained. On the 23d of May, 1894, the petitioner appealed to this court from the judgment of conviction and the order denying his motion for a new trial. Afterwards, a certified copy of his notice of appeal was served on the warden, with a demand for the return of the prisoner to the custody of the sheriff, which was refused.

The imprisonment of the petitioner is not unlawful. It is true that, by section 1243 of the Penal Code, it is provided that an appeal to the supreme court from a judgment of conviction stays the execution of the judgment in all capital cases. But the intention of the legislature in adopting this provision was merely to prevent the infliction of the death penalty pending the appeal, and it has not acquired any different meaning or effect since, or by reason of the change of the law by which in capital cases the prisoner is confined in the state prison pending the execution of the sentence of death.

Even if this imprisonment is to be regarded as a part of the penalty it stands upon the same grounds as other judgments of imprisonment. It is not stayed without a certificate of probable cause for the appeal, and no such certificate has been granted in this case.

Writ denied.

VAN FLEET, J., HARRISON, J., GAROUTTE, J., and Mc-FARLAND, J., concurred.